IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 3 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00559-BNB

TOURE DAOUDA,

Applicant,

v.

DEPARTMENT OF HOMELAND SECURITY, Immigration and Customs Enforcement,

Respondent.

## ORDER OF DISMISSAL

Applicant Toure Daouda initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on March 19, 2008, Magistrate Judge Boyd N. Boland ordered Applicant to file his claims on a Court-approved form used in filing § 2241 actions and to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. On March 27, 2008, Applicant filed his claims on the proper form and submitted a § 1915 Motion and Affidavit. Although Applicant now is on supervisory release from the Immigrations and Customs Enforcement (ICE) and the § 1915 Motion he has submitted is improper, the Court, nonetheless, will disregard the granting or denying of leave to proceed pursuant to § 1915 because the action is improperly before this Court.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. ***See id.*** For the reasons stated below, the Court, therefore, will deny the Application and dismiss the action.

In the Application, Mr. Daouda raises two claims of ineffectiveness assistance of counsel. Overall, Applicant asserts that his retained counsel failed to adequately represent him in his removal proceedings before the Board of Immigration Appeals. As relief, Applicant seeks a stay of removal. Although Applicant does not directly attack the merits of his removal order, a determination by this Court that counsel was ineffective implicates the fundamental fairness of the proceeding, **See Michelson v. INS**, 897 F.2d 465, 468 (10th Cir. 1990), and thus directly challenges the validity of Applicant's removal order.

The Court, therefore, finds a lack of subject matter jurisdiction for the following reason:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 or such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). Section 1252(e) is not applicable in this action.

Pursuant to Fed. R. Civ. P. 12(h)(3), a court must dismiss an action if a court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by a court at any time during the course of the proceedings. **See McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." **United States v. Bustillos**, 31 F.3d 931, 933 (10th Cir. 1994). In light of § 1252(a)(5), the Court finds that Mr. Daouda fails to demonstrate that this case is within the Court's jurisdiction. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 29 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00559-BNB

Toure Daouda
A77-779-185
2128 South Nucla Way
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/30/08

                                GREGORY C. LANGHAM, CLERK

                          By: _____
                                   Deputy Clerk